IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDGAR TORRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-468-NJR |
| ) | |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| and ROB SKIDMORE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Edgar Torres, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). In his Complaint (Doc. 1), Torres alleges defendants were deliberately indifferent to his need for hearing aids in violation of the Eighth Amendment, as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*,.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Torres makes the following allegations in the Complaint (Doc. 1): On September 21, 2020, Torres went for a hearing screening test due to a history of hearing difficulties (*Id*. at pp. 3-4). Torres failed the test in his left ear and was scheduled to see a hearing specialist for another hearing test and possible hearing aids (*Id*. at p. 4). He was never scheduled for that visit, and on October 16, 2020, he wrote a grievance about the failure to send him for a follow-up screening test. He wrote that he had a settlement agreement with Wexford and that staff continued to delay his medical treatment, even though part of the settlement was that Wexford agreed to address his medical issues in a timely fashion (*Id*. at p. 5). At that time, he also indicated he had lower back pain and hip issues (*Id*.).

Rob Skidmore, as ADA Coordinator, responded to the grievance and lied about Torres's hearing test. He indicated that Torres passed the screening test. As a result, his grievance was deemed moot, and Torres did not receive treatment for his hearing issues (*Id*. at p. 6). He continues to have hearing difficulties and has trouble hearing phone conversations and interacting with inmates and staff.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the claims into the followings counts:

>   **Count 1:**   Eighth Amendment deliberate indifference claim against Rob Skidmore and Wexford for denying Torres's outside care for his hearing loss.
>
>   **Count 2:**   ADA claim for denying Torres's a hearing aid.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard.**[1]

At this stage, Torres states a viable deliberate indifference claim against Skidmore in Count 1 for delaying care for his hearing loss. Torres alleges that Skidmore lied about Torres passing the hearing test and that lie prevented him from receiving further care. There is no indication, however, that Skidmore had a role in providing Torres with any care regarding his hip and back pain. Thus, any deliberate indifference claim regarding his hip and back pain is **DISMISSED without prejudice**.

As to Wexford, the corporation can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. But Torres fails to cite to a specific policy, only stating in conclusory fashion that Wexford "maintained policies that sanctioned the maintenance of prison conditions" that violated his rights (Doc. 1, p. 3). Torres fails to point to a specific policy or practice of

---

[1] This includes Torres's claims under the First and Fourteenth Amendments (Doc. 1, p. 7). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Wexford's that led to his inability to obtain a hearing aid. Thus, his claim against Wexford is **DISMISSED without prejudice**.

The allegations are sufficient to articulate a colorable ADA claim in Count 2. Torres's claim, however, cannot proceed against the individual defendants because individual employees of IDOC cannot be sued under the ADA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Rob Jeffreys, the IDOC Director, will be added to the case, in his official capacity only, for purposes of Torres's ADA claim.

## Pending Motions

As to Torres's motion for counsel (Doc. 2), he states that he has limited access to the law library and had help in drafting his Complaint. He has not identified any attempts to contact counsel on his own. Thus, the Court **DENIES** Torres's motion for counsel. Should he choose to move for recruitment of counsel at a later date, the Court directs Torres to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation.

## Disposition

For the reasons stated, Count 1 shall proceed against Rob Skidmore, but is **DISMISSED without prejudice** as to Wexford. Count 2 shall proceed against Rob

Jeffreys (official capacity only). The Clerk of Court is **DIRECTED** to add Rob Jeffreys to the docket.

The Clerk of Court shall prepare for Defendants Rob Skidmore and Rob Jeffreys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Torres. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Torres, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Torres, and the judgment includes the payment of costs under Section 1915, Torres will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Torres is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 6, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**