IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDGAR TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 21-cv-468-RJD |
| | ) | |
| RON SKIDMORE and ROB JEFFREYS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Summary judgment (Doc. 40). Plaintiff Edgar Torres, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff alleges Menard staff was deliberately indifferent to his need for hearing aids. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A, and he was allowed to proceed on the following claims:

> Count One: Eighth Amendment deliberate indifference claim against Ron Skidmore for denying Plaintiff outside care for his hearing loss.
>
> Count Two: ADA claim for denying Plaintiff a hearing aid.

Jeffreys was added as a defendant only in his official capacity as the IDOC Director as the proper defendant for Plaintiff's ADA claim (*see* Doc. 8 at 4). Pursuant to Rule 25(d), the current IDOC Director, Latoya Hughes, was automatically substituted for Jeffreys. On February 2, 2023, Defendants filed a Motion for Summary judgment arguing that Plaintiff's Eighth Amendment

1

Claim should be dismissed in its entirety (Doc. 40). Plaintiff did not respond to the motion. On August 01, 2023, this Court entered an order granting Defendants' motion as to Count One of the Complaint and taking it under advisement as to Count Two (Doc. 43). The Court postponed its ruling on Count Two of the Complaint because it found that Plaintiff's ADA claim failed on grounds that were not raised on Defendants' motion. In accordance with the Federal Rule of Civil Procedure 56(f), the Court allowed Plaintiff time to review the order and file any objections to the dismissal of Count Two on or before August 21, 2023. Plaintiff failed to file any objections. For the reasons set forth below, Defendants' Motion for Summary Judgment (Doc. 40) is now GRANTED as to Count Two.

## **Factual Background**

Plaintiff's claims arose while he was incarcerated at Menard Correctional Center (Deposition of Edgar Torres, Doc. 41-1 at 18). Around early 2000, Plaintiff noticed he had trouble hearing in his left ear due to a gun being fired near his ear prior to his incarceration (*id.* at 22). Plaintiff underwent a hearing screening at Menard on September 21, 2020 (*id.* at 24; *see* Doc. 41-4 at 6-8). Plaintiff passed the screening for his right ear but did not pass the screening for his left ear (*id.*). It was noted that Plaintiff was to be referred to a medical provider to request an audiogram (*id.*). Plaintiff filed a grievance dated October 16, 2020, advising the institution that he failed his left ear hearing screening and was awaiting a referral for an audiogram so he could receive a hearing aid (Doc. 41-1 at 27-28; *see* Doc. 1 at 14-15). The Grievance Officer responded on October 19, 2020, stating in part, "The ADA Coordinator advised that the offender passed the onsite hearing test on 4/5/2019 and 9/21/2020" (Doc. 1 at 17). At the time of the

2

Grievance Officer's response, Defendant Ron Skidmore was a Corrections Nurse Supervisor and ADA Coordinator (Declaration of Ron Skidmore, Doc. 41-2 at ¶ 1).

Following submission of his October 2020 grievance, Plaintiff contacted an outside entity, Equip for Equality, regarding his hearing screening and complaint concerning a lack of a referral to an outside specialist (Doc. 41-1 at 29). Equip for Equality was initially advised by the IDOC that Plaintiff passed his September 2020 hearing test, but at the urging of Plaintiff and upon further inquiry, Equip for Equality notified Plaintiff in a letter dated March 3, 2021, that IDOC advised they were "working on correcting their mistake of mis-recording [Plaintiff's] initial failed hearing screening to the ADA Coordinator" and had scheduled Plaintiff to see an audiologist (Doc. 1 at 18-21).

On February 16, 2021, a note in Plaintiff's medical record indicates that his case was presented to "collegial" on February 11, 2021, for an audiology evaluation, and the request was approved (Doc. 41-1 at 44; *see* Doc. 41-4 at 1).  Another note in Plaintiff's medical record on June 8, 2021, indicates that Plaintiff was scheduled for an audiology evaluation, and he was seen by an outside physician specializing in Otolaryngology on September 2, 2021 (*see* Doc. 41-4 at 2, 12-19).  The result of the September 2, 2021, evaluation indicated that Plaintiff had "a false/exaggerated hearing loss in his left ear" (*see id.* at 19).  The provider found Plaintiff had normal middle ear function in both ears (*see id.*).  No follow-up was recommended (*see id.*). Plaintiff has never been informed by a medical provider that he needed hearing aids, nor has he been prescribed hearing aids by a medical provider (Doc. 41-1 at 47-48).  Plaintiff testified that his hearing issues caused him to miss meal and call lines, and he needs to ask people to repeat themselves (Doc. 41-1 at 50-51).  Plaintiff also asserted he is in constant pain (Doc. 1 at ¶ 16).

**Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**Discussion**

*Count Two – Claim under the Americans with Disabilities Act (ADA)*

In Count Two, Plaintiff contends the IDOC violated the Americans with Disabilities (ADA) for failing to provide him with a hearing aid. Defendant Latoya Hughes is the proper defendant in this Count in her official capacity as the current Acting Director for the IDOC. In the prison context, a plaintiff can make out a prima facie case of discrimination under the ADA by showing: (1) he is a qualified person; (2) with a disability; (3) the Department of Corrections denied him access to a program or activity because of his disability or otherwise subjected him to

discrimination; and (4) the denial or discrimination was by reason of his disability. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012), citing 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir. 2006); *Foley v. City of Lafayette*, 359 F.3d at 928 (7th Cir.2004); *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997). Furthermore, in order for Plaintiff to recover compensatory damages, he must show "intentional conduct (and not merely negligence)," which has been interpreted to mean he must show the defendant "acted with deliberate indifference" to rights conferred by the ADA. *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022) (citations omitted).

The ADA designates three categories of disability: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment.  42 U.S.C. § 12102(2). Defendant asserts Plaintiff cannot meet his threshold burden because there is not sufficient evidence in the record that he is a qualified individual with a disability under the ADA.  In support of this argument, Defendant relies on the fact that no medical provider has informed Plaintiff he is a candidate for hearing aids or that Plaintiff was ever prescribed the same.  In effect, Defendant urges the Court to find that Plaintiff does not have the hearing loss and disability he complains of based on the lack of corroborating medical evidence. At this stage of the proceedings, such discrepancies in the record are merely genuine issues of material fact.

The record, however, does not support a finding that Plaintiff is entitled to any damages under the ADA.  First, Plaintiff's complaint makes no request for injunctive relief (*see* Doc. 1 at 7).  Moreover, even if the Court could interpret the complaint as requesting injunctive relief, Plaintiff's complaint regarding his hearing aid occurred at Menard, but he is no longer at that

institution.  It is well established that when a prisoner is transferred or released from IDOC custody his claims for injunctive relief are moot.  *See Easterling v. Pollard*, 528 F.App'x 653, 656 (7th Cir. 2013) (citing *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).  Said relief is moot unless the prisoner "can demonstrate that he is likely to be retransferred."  *Higgason*, 83 F.3d at 811 (citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).   Here, there is no evidence that Plaintiff is likely to be transferred back to Menard.  For these reasons, no injunctive relief is available to Plaintiff under Count Two.

With regard to the issue of compensatory damages under the ADA, as mentioned previously, Plaintiff must show prison officials acted with deliberate indifference, meaning they "*knew* that harm to a federally protected right was substantially likely and … *failed* to act on that likelihood."  *Hildreth v. Butler*, 960 F.3d 420, 431 (7th Cir. 2020) (quoting *Lacy v. Cook Cnty.*, 897 F.3d 847, 862 (7th Cir. 2018)) (emphasis in original).  Here, there is no basis for finding Defendant Skidmore acted with deliberate indifference in failing to ensure Plaintiff was provided a hearing aid.  Indeed, the record establishes the opposite regarding Skidmore and Menard staff generally.  At most, the staff was negligent in failing to accurately report Plaintiff's hearing screening results from September 2020.  Ultimately, this error was corrected, and Plaintiff was sent to an outside specialist who determined Plaintiff required no further treatment or any follow-up.  There is also no evidence Plaintiff has been prescribed or otherwise advised by a medical professional that he requires a hearing aid.  As such, there is no basis to find that prison officials acted with deliberate indifference to Plaintiff's hearing condition and, therefore, there is no basis for awarding Plaintiff the compensatory damages Plaintiff seeks under the ADA.

y

## Conclusion

Based on the foregoing, the Motion for Summary Judgment filed by Defendants Ron Skidmore and Rob Jeffreys (Latoya Hughes) (Doc. 40) is **GRANTED** as to Count Two. The Clerk of Court shall enter judgment in favor of Rob Jeffreys (Latoya Hughes) and against Plaintiff Edgar Torres. All pending motions are denied as moot, and all upcoming court settings are vacated.

**IT IS SO ORDERED.**

**DATED: February 21, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**